Jacob Shisha
TABAK MELLUSI & SHISHA LLP
Attorneys for Plaintiff
29 Broadway
New York, NY 10006
Tel. (212) 962-1590
Fax. (212) 385-0920

cv-08-4436

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 03 2008 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

GEORGE H. BARLOW, JR.

        Plaintiff,

- against -

LIBERTY MARITIME CORP., LIBERTY STAR SHIPPING CORP., LIBERTY SUN CORP., LIBERTY SHIPPING GROUP LIMITED PARTNERSHIP, LIBERTY SHIPPING GROUP LLC *in personum*, and the M/V LIBERTY SUN, her engines, tackle and equipment *in rem*.
------------------------------X

08 Civ.

COMPLAINT

Plaintiff Demands Trial Jury

GLEESON, J.

POHORELSKY, M.J.

## SEAMAN'S ACTION UNDER RULE ALLOWING FILING OF ACTION WITH OUT PREPAYMENT OF FEES

Plaintiff by their attorneys, TABAK, MELLUSI & SHISHA, LLP, complaining of the Defendants, respectfully state and allege upon information and belief as follows:

1.     Jurisdiction is predicated on 28 U.S.C. § 1331 pursuant to the Jones Act, 46 U.S.C.§ 10304 and pursuant to 28 U.S.C. Section 1333, Admiralty and General Maritime Law of the United States.

2.     LIBERTY MARITIME CORP. ("LIBERTY MARITIME") is a New York

1

corporation with its principle place of business in New York.

3. LIBERTY STAR SHIPPING CORP. ("LIBERTY STAR") is a New York corporation with its principle place of business in New York.

4. LIBERTY SUN CORP. ("LIBERTY SUN") is an inactive New York corporation with its principle place of business in New York and is doing business in New York.

5. LIBERTY SHIPPING GROUP LIMITED PARTNERSHIP ("LIBERTY PARTNERSHIP") is a Limited Partnership with partner(s) in New York and is licensed to and is doing business in New York.

6. LIBERTY SHIPPING GROUP LLC ("LIBERTY LLC") is a Limited Partnership with partner(s) in New York and is licensed to and is doing business in New York.

7. MV LIBERTY SUN is a bulk carrier ship 719 feet in length, 106 feet in breadth with tonnages of 33,337 gross and 27,408 net.

8. MV LIBERTY SUN is either currently in or will be within the jurisdiction of this Court during the pendency of this suit.

9. At all the times relevant hereto LIBERTY MARITIME owned a certain vessel known as the M/V LIBERTY SUN.

10. At all the times relevant hereto LIBERTY MARITIME was the owner *pro hoc vice* of the M/V LIBERTY SUN.

11. At all the times relevant hereto LIBERTY MARITIME operated the M/V LIBERTY SUN.

12. At all the times relevant hereto LIBERTY MARITIME managed the M/V LIBERTY SUN

13. At all the times relevant hereto LIBERTY MARITIME controlled the M/V LIBERTY SUN.

14. At all the times relevant hereto LIBERTY MARITIME hired the crew of the M/V MV LIBERTY SUN.

15. That at all the times relevant hereto LIBERTY MARITIME employed Plaintiff as a crewmember of the M/V LIBERTY SUN.

16. At all the times relevant hereto LIBERTY STAR owned the M/V LIBERTY SUN.

17. At all the times relevant hereto LIBERTY STAR was the owner *pro hoc vice* of the M/V LIBERTY SUN.

18. At all the times relevant hereto LIBERTY STAR operated the M/V LIBERTY SUN.

19. At all the times relevant hereto LIBERTY STAR managed the M/V LIBERTY SUN.

20. At all the times relevant hereto LIBERTY STAR controlled the M/V LIBERTY SUN.

21. At all the times relevant hereto LIBERTY STAR hired the crew of the M/V MV LIBERTY SUN.

22. That at all the times relevant hereto LIBERTY STAR employed Plaintiff as a crewmember of the M/V LIBERTY SUN.

23. At all the times relevant hereto LIBERTY SUN owned the M/V LIBERTY SUN.

24. At all the times relevant hereto LIBERTY SUN was the owner *pro hoc vice* of the M/V LIBERTY SUN.

25. At all the times relevant hereto LIBERTY SUN operated the M/V LIBERTY SUN.

26. At all the times relevant hereto LIBERTY SUN managed the M/V LIBERTY

SUN

27. At all the times relevant hereto LIBERTY SUN controlled the M/V LIBERTY SUN.

28. At all the times relevant hereto LIBERTY SUN hired the crew of the M/V MV LIBERTY SUN.

29. That at all the times relevant hereto LIBERTY SUN employed Plaintiff as a crewmember of the M/V LIBERTY SUN.

30. At all the times relevant hereto LIBERTY PARTNERSHIP owned the M/V LIBERTY SUN.

31. At all the times relevant hereto LIBERTY PARTNERSHIP was the owner *pro hoc vice* of the M/V LIBERTY SUN.

32. At all the times relevant hereto LIBERTY PARTNERSHIP operated the M/V LIBERTY SUN.

33. At all the times relevant hereto LIBERTY PARTNERSHIP managed the M/V LIBERTY SUN.

34. At all the times relevant hereto LIBERTY PARTNERSHIP controlled the M/V LIBERTY SUN.

35. At all the times relevant hereto LIBERTY PARTNERSHIP hired the crew of the M/V MV LIBERTY SUN.

36. That at all the times relevant hereto LIBERTY PARTNERSHIP employed Plaintiff as a crewmember of the M/V LIBERTY SUN.

37. At all the times relevant hereto LIBERTY LLC owned the M/V LIBERTY SUN.

38. At all the times relevant hereto LIBERTY LLC was the owner *pro hoc vice* of the M/V LIBERTY SUN.

winches had been inoperative for an extended period of time. The ship's master was aware of the rapid Amazon River current, and the fact that as the vessel was being loaded and her draft increased there would be increasing strain on the lines; the ships master should have had the lines monitored and adjusted on a more frequent basis, should have deployed additional lines and wires and had additional personnel on watch and standby tugboats.

46. The omissions, acts and conditions described in paragraph 45 above rendered the M/V LIBERTY SUN unseaworthy.

47. As a result of the foregoing Plaintiff has incurred medical expenses, loss of income, pain and suffering and will incur future medical expenses, loss of earnings and pain and in an amount to be established at trail.

## AS AND FOR A SECOND CAUSE OF ACTION FAILURE TO PROVIDE ADEQUATE AND TIMELY MEDICAL ATTENTION

48. Plaintiffs repeat each and allegation of paragraphs 1 to 47 of the complaint as if fully set forth herein at length.

49. Defendants had an obligation to provided plaintiff prompt and adequate medical attention.

50. Defendants failed to timely repatriate plaintiff back to the United States or some other area that had adequate medical facilities which resulted in the thigh injury getting infected, development of narcosis, loss of tissue, muscle, nerves and require skin grafts.

51. As a result of the failure to provide timely and adequate medical treatment Plaintiff has incurred medical expenses, loss of income, pain and suffering and will incur future medical expenses, loss of earnings and pain and in an amount to be established at trail.

## AS AND FOR A THIRD CAUSE OF ACTION SUBSEQUENT INJURY AS A DIRECT CONSEQUENCE OF PLAINTIFF'S INJURIES

52. As a result of that accident described above Plaintiff's prior non-disabling asymptomatic drop foot condition was aggravated and became symptomatic and disabling causing the foot to drop significantly more creating a significant risk of tripping and falling.

53. On or about November 28, 2007 while going down a step he was caused to trip because of his pronounced foot drop resulting in an injury to his right shoulder.

54. The injury to the right shoulder is a direct consequence of the injuries plaintiff sustained on May 24, 2004 aboard the MV LIBERTY SUN.

55. As a result there of Plaintiff has incurred medical expenses, loss of income, pain and suffering and will incur future medical expenses, loss of earnings and pain and in an amount to be established at trail.

## AS FOR A FOURTH CAUSE OF ACTION FAILURE TO PAY MAINTENANCE AND CURE

56. Defendants are liable to pay Plaintiff's past, present and future medical bills until such time as he achieves maximum medical improvement under the doctrine of maintenance and cure.

57. Defendants have failed to pay all medical expenses under their obligation to maintenance and cure.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly and severely on the first, second, third and fourth causes of action in an amount to be established at trial together with the interest and disbursements of this action

That a warrant of arrest be issued for the arrest of the MV LIBERTY SUN.

That the MV LIBERTY SUN be condemned and sold at judicial auction and the proceeds of the sale be deposited in the registry of the court and used to satisfy Plaintiff's judgment against the vessel.

For such other relief as the Court may deem just and proper under the circumstances.

TABAK, MELLUSI & SHISHA
Attorneys for Plaintiff

BY:_____
JACOB SHISHA (JS 5452)